**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEROME BURNETT,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>            Defendant. | NO. EDCV 10-00105 SS<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Plaintiff Jerome Burnett ("Plaintiff") brings this action seeking to reverse the decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying his application for Supplemental Security Income ("SSI"). The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Agency is REVERSED and REMANDED for further proceedings.

## II.

### PROCEDURAL HISTORY

On November 5, 2003, Plaintiff filed an application for SSI claiming that he became disabled on July 15, 2000. (Administrative Record ("AR") 75). On January 9, 2004, the Agency denied his application. (AR 39). On February 9, 2004, Plaintiff filed a request for reconsideration, (AR 43), which was denied on May 13, 2004. (AR 44). Plaintiff then requested a hearing, (AR 50), which was held before Administrative Law Judge ("ALJ") F. Keith Varni on July 15, 2005. (AR 386-91). On September 15, 2005, the ALJ issued a decision denying benefits. (AR 13-18). Plaintiff sought review before the Appeals Council, (AR 8-9), which denied the request on December 1, 2006. (AR 5-7).

Plaintiff initially sought judicial review of the ALJ's decision in <u>Burnett v. Astrue</u>, Case No. EDCV 07-00057-JTL. On January 24, 2007, Plaintiff filed a Complaint challenging the Commissioner's denial of benefits. However, on July 13, 2007, the parties filed a Stipulation to Voluntary Remand. On July 16, 2007, the Magistrate Judge granted the parties' stipulation to voluntarily remand the action. (AR 409).

On February 16, 2008, the Appeals Council remanded the action to the ALJ for a new hearing consistent with the parties' stipulation. (AR 412-14). On November 17, 2008, the ALJ held a new hearing at which Plaintiff was present with counsel and testified. (AR 738-62). Vocational Expert ("VE") Joseph Mooney was also present and testified. (AR 763-64). On October 20, 2009, the ALJ issued a decision denying

benefits. (AR 392-407). Plaintiff filed the instant Complaint on February 4, 2010.

### III.
### THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. See Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 416.910.

3

>    (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.
>
>    (4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five.
>
>    (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. § 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. See Bustamante, 262 F.3d at 953-54. If, at step four, the claimant meets his burden of establishing an inability to perform the past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education and work experience. Tackett, 180 F.3d at 1100; 20 C.F.R. § 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). See

---

[2] Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a).

4

<u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. <u>See</u> <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000).

## IV.
## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since his alleged onset date.[3] (AR 397). At step two, the ALJ found that Plaintiff had the severe impairments of "polysubstance dependence with secondary mood disorder." (AR 398).

At step three, the ALJ found that Plaintiff's impairments, either singly or in combination, do not meet or equal the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 398). At step four, the ALJ determined that Plaintiff retained a physical RFC for "a full range of work at all exertional levels but with the following nonexertional limitations: routine, repetitive, entry level, minimally stressful work with no contact with the general public and superficial intermittent contact with co-workers and supervisors." (AR 399). Based on this RFC determination, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work. (AR 405).

---

[3] The ALJ's opinion identifies Plaintiff's alleged onset date as January 1, 1985. (AR 397). However, Plaintiff's application identifies his alleged onset date as July 15, 2000. (AR 75).

5

At step five, the ALJ found that based on Plaintiff's age, educational background, work experience, RFC and the vocational expert's testimony, Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (AR 406). Accordingly, the ALJ found that Plaintiff was not disabled. (Id.).

## V.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

**VI.**

**DISCUSSION**

**A.  The Record Below Was Insufficient For The ALJ To Determine Whether Plaintiff Had Past Relevant Work And Therefore Whether 20 C.F.R. § 404.1562(b) Applied**

Plaintiff contends that the ALJ failed to properly consider whether he has past relevant work pursuant to 20 C.F.R. § 404.1562(b). (See Memorandum in Support of Plaintiff's Complaint ("Complaint Memo.") at 8). The Court agrees.

20 C.F.R. § 404.1562 sets forth "[m]edical-vocational profiles showing an inability to make an adjustment to other work." Subsection (b) states as follows:

> (b) If you are at least 55 years old, have no more than a limited education, and have no past relevant work experience. If you have a severe, medically determinable impairment(s) (see §§ 404.1520(c), 404.1521, and 404.1523), are of advanced age (age 55 or older, see § 404.1563), have a limited education or less (see § 404.1564), and have no past relevant work experience (see § 404.1565), we will find you disabled.

20 C.F.R. § 404.1562(b); accord 20 C.F.R. § 416.962(b).

The Commissioner does not appear to dispute that Plaintiff is at least fifty-five years old, has a severe, medically determinable

7

impairment, and that he has no more than a limited education. (See Memorandum in Support of Defendant's Answer ("Answer Memo.") at 9-10). Indeed, Plaintiff's California ID Card is in the record and states that Plaintiff was born on August 27, 1951. (AR 248). Accordingly, Plaintiff turned 55 years of age on August 27, 2006. Additionally, the ALJ expressly found that Plaintiff had the severe, medically determinable impairments of "polysubstance dependence with secondary mood disorder." (AR 398). Finally, the ALJ further found that Plaintiff "has a limited education." (AR 405). Thus, the Court concludes that Plaintiff is at least fifty-five years old, has a severe, medically determinable impairment, and that he has no more than a limited education pursuant to 20 C.F.R. § 404.1562(b).

Defendant concedes that 20 C.F.R. § 404.1562(b) and 416.962(b) apply when a claimant has no past relevant work. (Answer Memo. at 9). However, Defendant argues these provisions do not apply to the present case because "[t]he ALJ reasonably found that Plaintiff did have past relevant work." (Id.) (citing AR 405). Indeed, the ALJ noted Plaintiff's testimony that he "has worked off the books" for the past twenty years "doing odd jobs" and that "he last worked a week before the hearing passing out flyers for $20.00 dollars a day." (AR 405). Contrary to the ALJ's finding, however, it was impossible to determine from the current record whether Plaintiff's prior work doing odd jobs and passing out flyers qualified as "past relevant work."

A plaintiff's prior work qualifies as "past relevant work" for purposes of a disability benefits application "when it was done within the last 15 years, lasted long enough for [the plaintiff] to learn to

8

do it, and was substantial gainful activity." 20 C.F.R. § 416.965. Thus, there are three elements to the existence of past relevant work: (1) recency; (2) duration; and (3) substantial gainful activity. See Social Security Ruling 82-62, available at http://www.ssa.gov/OP_Home/rulings/di/02/SSR82-62-di-02.html. Here, Plaintiff's prior work does not qualify as "past relevant work" because it does not constitute substantial gainful activity.

Prior work performed between January of 1990 and June of 1999 constitutes substantial gainful activity if the claimant earned more than $500 per month on average. See 20 C.F.R. § 416.974(b)(2)(i) (Table 1). Prior work performed between July of 1999 and December of 2000 constitutes substantial gainful activity if the claimant earned more than $700 per month on average. See id. Prior work performed after January 1, 2001 constitutes substantial gainful activity if the claimant earned on average per month more than $740 in 2001, $780 in 2002, $800 in 2003, $810 in 2004, $830 in 2005, $860 in 2006, $900 in 2007, $940 in 2008, $980 in 2009, and $1,000 in 2010. See Monthly Substantial Gainful Activity Amounts Chart, available at http://www.ssa.gov/OACT/COLA/sga.html.

Plaintiff testified that he has survived for the past twenty years by working odd jobs and either staying with friends or living in a tent. (AR 740-41). Plaintiff never stated how much he earned from this occasional work, but he did state that he earned "[m]aybe $20 a day" passing out flyers the week before the hearing. (AR 749). However, even assuming that Plaintiff worked thirty days a month and thus earned $600.00 per month on average, this amount is still insufficient to

constitute substantial gainful activity for 2008, the year of the hearing.  See Monthly Substantial Gainful Activity Amounts Chart, available at http://www.ssa.gov/OACT/COLA/sga.html.

The Commissioner points out that Plaintiff's earnings are a presumptive, but not conclusive indicator of whether his prior work constitutes substantial gainful activity. (See Answer Memo. at 10); see also Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) ("Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity."). Indeed, the fact that Plaintiff earned less than the required threshold to constitute substantial gainful activity shifts the burden of proof to the Commissioner. See Lewis, 236 F.3d at 515 ("The presumption that arises from low earnings shifts the step-four burden of proof from the claimant to the Commissioner."). "With the presumption, the claimant has carried his or her burden unless the ALJ points to substantial evidence, aside from earnings, that the claimant has engaged in substantial gainful activity." Id.

Here, the ALJ noted that Plaintiff "was able to support himself" by working "odd jobs." (AR 405). However, Plaintiff explained that he was "basically homeless" and mainly lived in a tent. (AR 741). Regardless, the fact that Plaintiff occasionally worked odd jobs does not necessarily demonstrate that he engaged in substantial gainful activity. See Lewis, 236 F.3d at 516 (holding that the Commissioner failed to rebut the presumption against substantial gainful activity based on the claimant's occasional work of twenty hours per week where the claimant earned less than the required threshold). Moreover, the ALJ conceded

that "[t]he vocational expert stated that based on [Plaintiff's] lack of recorded earning he has no past relevant work." (AR 405).

**B.  Remand For Further Proceedings Is Required**

The Court concludes that remand is appropriate because additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). On remand, the ALJ must apply the presumption against substantial gainful activity based on Plaintiff's low earnings. The ALJ should consider the following five factors to determine whether Plaintiff's prior work constitutes substantial gainful activity: (1) "the nature of the claimant's work"; (2) "how well the claimant does the work"; (3) if the work is done under special conditions"; (4) "if the claimant is selfemployed"; and (5) "the amount of time the claimant spends at work." Lewis, 236 F.3d at 515-16. "Generally, an ALJ should not consider activities like taking care of oneself, household tasks, hobbies, school attendance, club activities, or social programs to be substantial gainful activities." Id. at 516. Because the record is not sufficiently developed on this issue, the ALJ should take additional testimony from Plaintiff and/or a VE in order to resolve the ambiguities in the record.

Although the Court has declined to address Plaintiff's remaining arguments for a remand, the Court notes that the ALJ failed to directly address the third party report of John Williams. This issue should be corrected on remand as well.

Finally, the ALJ declined to dismiss Plaintiff's claim on the basis of abandonment, citing 20 C.F.R. 404.957, although Plaintiff failed to appear at the scheduled hearing. (AR 13). Should Plaintiff fail to cooperate in any part of the continuing administrative process, the ALJ should reconsider whether Plaintiff has, in fact, abandoned these proceedings.

## VII.

## CONCLUSION

Consistent with the foregoing, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: September 29, 2010

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE